UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| ROY M. CANNON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 6:15-cv-02346-KOB-SGC |
| CORIZON MEDICAL SERVICES, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The magistrate judge filed a report on October 29, 2018, recommending that the plaintiff's Eighth Amendment medical claims against Nurses Alexander, Coleburn, and McDougle be dismissed without prejudice. (Doc. 65). The magistrate judge further recommended that the motions for summary judgment filed by Corizon, LLC, Dr. Hood, and Nurses Amborski, Clay, Bryant, Bunn, and Thurmon be granted and the plaintiff's Eighth Amendment medical claims against these defendants be dismissed with prejudice. (*Id*.). The plaintiff filed objections to the report and recommendation on November 8, 2018. (Doc. 66).

The plaintiff first objects to the dismissal of his claims against Nurses Coleburn, Alexander, and McDougle. (Doc. 66 at 1-3). The plaintiff does not dispute Corizon's assertion it has never employed a Nurse Coleburn. (*See* Doc. 50). The plaintiff also does not dispute he failed to comply with or otherwise

respond to the magistrate judge's order dated February 12, 2018, directing him to correctly identify this defendant within twenty days and notifying him that failure to comply within the time prescribed could result in the dismissal of the defendant. (*See* Doc. 52). Because the plaintiff failed to correctly identify the defendant he refers to as Nurse Coleburn, or otherwise respond to the magistrate judge's order, his claims against this defendant are due to be dismissed without prejudice. *See* FED. R. CIV. P. 41(b).

The plaintiff fails to adequately dispute Corizon's claim it never employed a Nurse Karen Alexander but did employ a Mary Alexander. (*See* Doc. 51). Instead, the plaintiff maintains a nurse named Karen Alexander was at the prison. (Doc. 66 at 2). He states, "she may have been name[d] Mary Kartherin[e] Alexander which in turn wa[s] [called] Karen. The plaintiff is aware of the mix up." (*Id.*).

Given Corizon's statement it never employed a Karen Alexander and that the plaintiff could be referring to Mary Alexander, the magistrate judge directed the Clerk to send a copy of the Order for Special Report and amended complaint to Mary Alexander's last known address. (Doc. 53). However, the mailing was returned as undeliverable. (Doc. 54).

Similarly, the magistrate judge directed the United States Marshals Service to serve an alias summons and amended complaint on Nurse McDougle at her last

known address after she failed to file a waiver of service or respond to the Order for Special Report within the allotted time. (Docs. 58, 59). However, the summons was returned unexecuted on April 24, 2018. (Doc. 60).

Reasonable efforts have been made to locate both Nurse Alexander and Nurse McDougle without success. Because these defendants have not been properly served, the plaintiff's claims against them are due to be dismissed without prejudice. *See* FED. R. CIV. P. 4(m).

Next, the plaintiff objects to the dismissal of his Eighth Amendment medical claims against defendants Hood, Amborski, Bryant, Bunn, Clay, and Thurmon.[1] (Doc. 66 at 3-14). The plaintiff restates his claims that these defendants failed to provide him adequate medical treatment for his fractured leg. (*Id.*). However, the plaintiff does not dispute that (1) he injured his leg on a Saturday; (2) an x-ray technician was not on duty at Limestone over the weekend; and (3) medical staff scheduled the plaintiff for an x-ray Monday morning. (*See* Doc. 14 at 8; Doc. 41-1 at 13; Doc. 41-2 at 3). Moreover, the plaintiff does not address the magistrate judge's findings that medical staff monitored the plaintiff's condition over the weekend by regularly examining him, putting ice on his leg, advising him to keep his leg elevated, and offering him pain medication. (*See* Doc. 65 at 30; Doc. 41-2 at 2; Doc. 41-1 at 13-14, 16-18).

---

[1] The plaintiff does not specifically object to the dismissal of his claims against Corizon. (*See* Doc. 66).

Viewed in the light most favorable to the plaintiff, the undisputed evidence does not show the defendants were deliberately indifferent to his serious medical needs or intentionally delayed his medical treatment. The record is devoid of evidence the defendants refused to treat the plaintiff or were otherwise deliberately indifferent to his medical condition. Rather, the record establishes the defendants and other medical staff regularly examined and treated the plaintiff and the medical treatment provided was not "so grossly incompetent, inadequate, or excessive as to shock the conscience." *See Adams v. Poag*, 61 F.3d 1537, 1544 (11th Cir. 1995) (quotations marks and citation omitted).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections to it, the court ADOPTS the magistrate judge's report and ACCEPTS her recommendation. Accordingly, the plaintiff's claims against Nurses Alexander, Coleburn, and McDougle are due to be **DISMISSED WITHOUT PREJUDICE**. The motions for summary judgment filed by Corizon, Dr. Hood, and Nurses Amborski, Clay, Bryant, Bunn, and Thurmon (Docs. 41, 61) are due to be **GRANTED**, the court finding no genuine issues of material fact exist.

The court will enter a separate Final Order.

DONE and ORDERED this 4th day of February, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE